Eugene ROBINSON, Plaintiff,

v.

William J. LOVE, (Superintendent), Defendant.

Civ. A. No. 94–3003.

United States District Court, E.D. Pennsylvania.

June 1, 1994.

Eugene Robinson, pro se.

### MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

The issue in this case is whether the Court may dismiss as frivolous, under 28 U.S.C. § 1915(d), a prisoner's civil rights complaint in which the plaintiff pleads events which are highly unlikely to be true, but are at least theoretically within the realm of pos-

sibility. Plaintiff, an inmate at the State Correctional Institution at Huntingdon ("S.C.I.H."), has filed a *pro se* 42 U.S.C. § 1983 civil rights lawsuit against S.C.I.H. Superintendent William J. Love.[1] Plaintiff alleges that his relatives, neighbors, and friends are being held hostage by prison staff members, and that he has been subjected to witchcraft and attempts to poison him with cyanide. He claims that Superintendent Love has failed to investigate properly his claims.

With his petition, plaintiff filed a request for leave to proceed *in forma pauperis.* As it appears he is unable to pay the cost of commencing this action, leave to proceed *in forma pauperis* is granted.

■ The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(d) was clarified by the Supreme Court in *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Dismissal under § 1915(d) is appropriate both when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id.* at 327, 109 S.Ct. at 1832. In *Denton v. Hernandez,* — U.S. ——, ——, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992), the Supreme Court held that the "clearly baseless" category includes factual

allegations which describe "fanciful," "fantastic," or "delusional" scenarios. A complaint is factually frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible." *Id.; see, e.g., Mallon v. Padova,* 806 F.Supp. 1189 (E.D.Pa.1992) (plaintiff claimed to be God and President of the United States); *Grier v. Reagan,* Civ. A. No. 86–0724, 1986 WL 3948 (E.D.Pa. Apr. 1, 1986) (plaintiff claimed to be "god of the Universe").

■ In making its § 1915(d) determination, the Court's discretion is not limited to those cases where the allegations can be rebutted by judicially noticeable facts. *See Denton,* — U.S. at ——, 112 S.Ct. at 1733. Thus, if the allegations contained in the complaint, while theoretically within the realm of the possible, stand genuinely outside the common experience of humankind, such claims may also be dismissed as irrational or wholly incredible. While the Court cannot discount with mathematical certainty the allegations in this case, the Court finds that, standing alone and in the absence of further factual detail,[2] plaintiff's claims are so fanciful as to render each of his claims [3] "clearly baseless." *Id.*

An appropriate order dismissing this complaint as legally frivolous pursuant to 28 U.S.C. § 1915(d) follows.

---

**1.** Although venue for this action properly lies in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), transfer to that judicial district would not serve the interests of justice because of the frivolous nature of this complaint.

**2.** The requirement that plaintiff plead some facts in support of an otherwise incredible claim does not conflict with the Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* — U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), which held that civil rights complaints, except for actions brought against individual governmental officials, an issue expressly left open by the Supreme Court, are not subject to a heightened pleading standard. *See id.,* 113 S.Ct. at 1163. Under *Leatherman,* a civil rights complaint, like any other civil action, needs only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The inquiry under § 1915(d) is much less searching and demanding, calling upon the Court only to dismiss filings that contain "clearly baseless" factual contentions or assert an "indisputably meritless legal theory." *Neitzke,* 490 U.S. at 327, 109 S.Ct. at 1832. Therefore, noth-

ing in *Leatherman* prohibits the Court from requiring the pleader to supply facts which tend to show that the claims asserted are not "irrational" or "wholly incredible."

**3.** Given that I find plaintiff's substantive claims frivolous, I have not reached the issue of whether the claim alleging that prison authorities failed to investigate plaintiff's grievances is legally frivolous. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.) (holding that a prisoner had "no legitimate claim of entitlement to a grievance procedure"), *cert. denied,* 488 U.S. 898, 109 S.Ct. 242, 102 L.Ed.2d 231 (1988); *Greer v. DeRobertis,* 568 F.Supp. 1370, 1375 (N.D.Ill.1983) (finding no violation of constitutional or federal statutory rights in a prison official's failure to respond to a grievance letter); *cf. Cruz v. Beto,* 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972) (holding that "persons in prison, like other individuals, have the right to petition the Government for redress of grievances which, of course, includes 'access of prisoners to the courts for the purpose of presenting their complaints.'").

*ORDER*

AND NOW, this 1st day of June, 1994 since it appears plaintiff is unable to prepay the costs of commencing this suit pursuant to 28 U.S.C. § 1915(a), it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED;**

2. This action is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(d), for the reasons stated in the accompanying memorandum filed this day; and

3. Plaintiff is granted leave to file an amended complaint responsive to the accompanying memorandum within thirty (30) days.

AND IT IS SO ORDERED.