**Barry Northcross PATTERSON,
Plaintiff–Appellant,**

v.

**MACIEL, sued in his individual
& official capacity; et al.,
Defendants–Appellees.**

No. 06–15785.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

Barry Northcross Patterson, Florence, AZ, pro se.

Paul E. Carter, Esq., Office of the Arizona Attorney General, Liability Management Section, Tucson, AZ, Carlotta L. Turman, Esq., Mack & Associates PC, Phoenix, AZ, for Defendants–Appellees.

Before: GOODWIN, LEAVY, and FISHER, Circuit Judges.

### MEMORANDUM **

Barry Northcross Patterson appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials confiscated his personal property. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and we affirm.

The district court properly granted summary judgment on Patterson's claim that defendant Maciel violated due process by confiscating his photo album and disposing of his magazine that may have included in it postage stamps and personal photos, because the deprivation of inmate property by prison officials does not state a cognizable cause of action under section 1983 if the prisoner has an adequate post-deprivation state remedy, and Arizona provides such a remedy. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); A.R.S. § 12–821.01.

The district court properly granted summary judgment on Patterson's claim that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

defendant Walker retaliated against him by denying him access to his stored property and changed the description of his headphones, because Patterson did not submit any probative evidence that Walker denied him access to his stored property or took action for retaliatory reasons. *See King v. Atiyeh,* 814 F.2d 565, 568 (9th Cir.1987) ("State officials are not subject to suit under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights.").

The district court properly granted summary judgment as to Patterson's claim that defendant Schmier denied Patterson access to grievance forms, because Patterson did not submit any probative evidence that Schmier denied Patterson access to grievance forms, and because denial of grievance forms does not in and of itself rise to the level of a constitutional violation. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure").

The district court properly granted summary judgment as to Patterson's claims that defendants Schriro and Klein failed to stop prison staff abuses of the rules regarding inmate property, because supervisory officials cannot be held liable pursuant to 42 U.S.C. § 1983 under a respondeat superior theory. *See Graves v. City of Coeur D'Alene,* 339 F.3d 828, 848 (9th Cir.2003) (supervising officers can be held liable under section 1983 only if they play an affirmative part in the alleged deprivation of constitutional rights) (quotations omitted).

Patterson's remaining contentions lack merit.

**AFFIRMED.**