Jeffrey Allen WILLIAMS,
Plaintiff–Appellant,

v.

J. WOOD; et al., Defendants–Appellees.

No. 06–55052.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed March 1, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jeffrey Allen Williams, Vacaville, CA, pro se.

Rene L. Lucaric, AGCA—Office of the California Attorney General, Los Angeles, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jeffrey Allen Williams, a California state prisoner, appeals pro se from the district court's judgment dismissing for failure to state a claim, his 42 U.S.C. § 1983 action alleging that prison officials denied him a prison transfer, were deliberately indifferent to his safety and medical needs, and retaliated against him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Zimmerman v. City of Oakland,* 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

■ The district court properly dismissed Williams' damages claim for failing to transfer him to the California Medical Facility Category B Special Housing Unit in Vacaville ("CMF") because Williams has no right to incarceration in a prison of his choice. *See Olim v. Wakinekona,* 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

■ The district court properly dismissed Williams' claim that defendants were deliberately indifferent to his safety because Williams did not allege that he has been assaulted or threatened with an assault by other prisoners at the Los Ange-les County State Prison in Lancaster, and his speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm to his future health. *See Farmer v. Brennan,* 511 U.S. 825, 843, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

■ The district court properly dismissed Williams' claim that defendants were deliberately indifferent to his medical needs because Williams' conclusory allegations are not sufficient to demonstrate that he has a serious medical need, or that any defendant acted with deliberate indifference to this medical need. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir. 1990); *Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."). To the extent Williams contends he should have received different treatment at CMF, his claim fails as a matter of law. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (a difference of medical opinion is insufficient as a matter of law to show deliberate indifference).

■ The district court properly dismissed Williams' vague and conclusory claims of retaliatory conduct by prison officials in response to his other civil actions because these claims lacked factual support demonstrating a causal link between the civil actions he has filed and the denial of a transfer to CMF. *See Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam).

■ The district court properly dismissed Williams' claims against defendant

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Monteiro because supervisory officials may not be held liable pursuant to 42 U.S.C. § 1983 under a respondeat superior theory. *See Graves v. City of Coeur D'Alene,* 339 F.3d 828, 848 (9th Cir.2003) (supervising officers can be held liable under section 1983 only if they play an affirmative part in the alleged deprivation of constitutional rights).

 The district court properly dismissed Williams' claim that defendants Manuel, Wood, and Montiero denied his grievance, because the denial of a grievance does not in and of itself rise to the level of a constitutional violation. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.