David Allen MANN, Plaintiff–Appellant,

v.

James ADAMS, et al.,
Defendants–Appellees,

and

Bruce Babbitt, Governor of
Arizona, Defendant.

No. 87–1925.

United States Court of Appeals,
Ninth Circuit.

Aug. 23, 1988.

Certiorari Denied Oct. 11, 1988.
See 109 S.Ct. 242.

---

Before GOODWIN, SCHROEDER and POOLE, Circuit Judges.

### ORDER

In his petition for rehearing, Mann contends that the unpublished administrative policy statements of the Arizona Department of Corrections in establishing a grievance procedure created a protected liberty interest.

The Supreme Court has held that "a State creates a protected liberty by placing substantive limitations on official discretion." *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983). The Supreme Court has also held that to obtain a protectable right an individual must have "a legitimate claim of entitlement to it." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979); *see also Allen v. Board of Pardons,* 792 F.2d 1404, 1407 (9th Cir.1986), *aff'd,* —— U.S. ——, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). There is no legitimate claim of entitlement to a grievance procedure. *See Shango v. Jurich,* 681 F.2d 1091, 1100 (7th Cir.1982); *Azeez v. DeRobertis,* 568 F.Supp. 8, 11 (N.D.Ill.1982). The unpublished policy statements create no protected liberty interest.

The panel as constituted above has voted to deny the petition for rehearing and to reject the suggestion for rehearing en banc.

The full court has been advised of the suggestion for rehearing en banc, and no judge of the court has requested a vote on the suggestion for rehearing en banc. Fed. R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for rehearing en banc is rejected.