83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Charles Patrick THOMPSON, Plaintiff-Appellant,
v.
MARICOPA COUNTY SHERIFF'S OFFICE, DETENTION BUREAU; Mark
William Smith, # A 4129 aka Unknown Officer;
Daniel Comer, Defendants-Appellees.
 
 No. 95-15660.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated case, Arizona prisoner Charles Patrick Thompson appeals pro se the district court's: (1) dismissal without prejudice of his action alleging Fourth Amendment violations arising from the confiscation of a letter from his prison cell; and (2) grant of summary judgment in favor of prison officials on his claim that he was denied access to the inmate grievance process. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 1. Fourth Amendment Claims
 
 3
 Thompson contends that prison officials violated the Fourth Amendment when they confiscated a letter which allegedly exonerated him. Thompson seeks damages because he claims that without the letter, written by the victim, he was forced to plead guilty to sexual assault and attempted kidnapping. This contention lacks merit.
 
 
 4
 A section 1983 action for damages attributable to an unconstitutional conviction does not accrue until the conviction or sentence has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2373 (1994). In Heck, however, the Supreme Court stated that because of doctrines like independent source, inevitable discovery, and harmless error, a successful section 1983 action for an unreasonable search "would not necessarily imply that the plaintiff's conviction was unlawful." Id. at 2372-73 n. 7; see also, Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam). "To bring an action for damages for unreasonable search prior to the invalidation of his conviction, [a plaintiff] must allege some 'actual, compensable injury ... which ... does not encompass the 'injury' of being convicted and imprisoned.' " See Trimble, 49 F.3d at 585 (quoting Heck, 114 S.Ct. at 2372-73 n. 7). Because the only injury alleged by Thompson was his conviction and because he has not shown that this conviction has been invalidated, the district court properly dismissed Thompson's Fourth Amendment claim without prejudice. See id.
 
 2. Inmate Grievance Procedure Complaint
 
 5
 Thompson's contention that prison officials violated his constitutional rights by failing to allow him to appeal his grievances to an external referee does not involve the imposition of "an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 115 S.Ct. 2293, 2300 (1995) (establishing new test for determining existence of liberty interest); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.) (finding "no legitimate claim of entitlement to a [prison] grievance procedure"), cert. denied, 488 U.S. 898 (1988). In addition, prison officials followed the procedures laid out in the prisoner's manual, which specifically provides that "[r]epetitive or frivolous grievances may be summarily dismissed...." Accordingly, the district court properly granted summary judgment for prison officials. See Sandin, 115 S.Ct. at 2300; Mann, 855 F.2d at 640.[1]
 
 
 6
 In our discretion, we deny appellees' request for attorney's fees. See Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 202 (9th Cir.1988) ("Only in exceptional circumstances should defendants be awarded attorneys' fees in civil rights cases."), cert. denied, 490 U.S. 1081 (1989).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Thompson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Thompson is contesting the validity of his conviction, we note that his exclusive remedy is a writ of habeas corpus. See Trimble, 49 F.3d at 586. Accordingly, we affirm the district court's denial of Thompson's request for appointment of a private investigator to investigate alleged statements by the victim. See id. All other requests for injunctive relief pertaining to Thompson's conditions of confinement have been rendered moot by his subsequent transfer to a different institution. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995)