UNITED STATES COURT OF APPEALS

**Filed 12/20/96**

FOR THE TENTH CIRCUIT

EUGENE NELSON,

     Plaintiff-Appellant,

v.

DEAN JARAMILLO, Sgt., in his
official and personal capacity; JOHN
SHANKS, Warden, in his official and
personal capacity; RICHARD
BARELLA, Lieutenant, in his official
and personal capacity; JAMES H.
WHITE, Major, in his official and
personal capacity; DANIEL
JARAMILLO, Sgt., in his official and
personal capacity; CARLOS TOERS-
BIJNS, Associate Warden,

     Defendants-Appellees.

No. 96-2001
(D.C. No. CIV 92-730 WWD)
(D.N.M.)

ORDER AND JUDGMENT[*]

Before PORFILIO, ALARCON,[**] and LUCERO, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the magistrate judge's judgment, see 28 U.S.C. § 636(c)(3), entered in favor of defendants, following trial, on plaintiff's 42 U.S.C. § 1983 claims asserting a prison guard used excessive force against plaintiff, in violation of the Eighth Amendment, and the ensuing prison investigation of the incident was inadequate. Plaintiff argues that the magistrate judge erred in concluding that plaintiff had suffered no constitutional deprivation and also challenges several factual findings. Reviewing the magistrate judge's factual findings for clear error and his legal determinations de novo, see Neece v. IRS, 96 F.3d 460, 464 (10th Cir. 1996), we affirm.

"The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992)(quotations omitted). In light of the magistrate judge's factual finding that the guard, during the course of a routine pat down search and for no reason, struck plaintiff in the back with

"relatively light force," Appellant's App. at 2, 5, plaintiff failed to establish more than a de minimis use of force. Because this de minimis use of force, while not to be condoned, is not "repugnant to the conscience of mankind," we affirm the magistrate judge's decision entering judgment for defendants on the Eighth Amendment claim. See United States v. Taylor, 97 F.3d 1360, 1364 (10th Cir. 1996)(despite trial court's failure to make specific factual findings, appellate court is free to affirm on any grounds for which there is sufficient record to permit conclusions of law).

Plaintiff argues that the magistrate judge's finding that the blow was "relatively light" is clearly erroneous. "A finding of fact is not clearly erroneous unless it is without factual support in the record, or if the appellate court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been made." Zimmerman v. Sloss Equip., Inc., 72 F.3d 822, 825 (10th Cir. 1995)(quotation omitted). The record on appeal, however, contains only brief and sporadic excerpts from the trial transcript, which do not provide a sufficient basis for us to determine that this factual finding was clearly erroneous. E.g., Rogers v. United States, 91 F.3d 1388, 1394 (10th Cir. 1996).

Plaintiff's next argument, that prison officials failed to conduct an adequate investigation, fails to assert a basis for § 1983 relief. E.g., Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

1988)(denial of reh'g); see Taylor, 97 F.3d at 1364 (appellate court is free to affirm on any grounds for which there is sufficient record).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.  Plaintiff's request for attorney's fees on appeal is DENIED.

Entered for the Court

John C. Porfilio
Circuit Judge