**Clarence V. KNIGHT, Plaintiff–Appellant,**

v.

**M.J. NIMROD, Defendant–Appellee.**

No. 00–15891.

D.C. No. CV–00–00290–SBA.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2001.*

Decided July 20, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Kessler's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Clarence V. Knight, a California state prisoner housed at Pelican Bay State Pris-

on, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging interference with his First Amendment right to petition the government for redress of grievances. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under 28 U.S.C. § 1915A, *see Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we reverse and remand.

In his amended complaint, Knight alleged that appeals coordinator Nimrod returned the second grievance Knight filed against another correctional officer and required that Knight raise these additional issues in the proceedings to resolve his initial grievance. Knight further alleged that, when he tried to appeal Nimrod's decision, Nimrod told him the decision not to file the grievance was unappealable. Finally, Knight alleged that he attempted to raise his second set of concerns during the appeal of his first grievance but that these concerns were not addressed in the decision.

▪ Although prisoners do not have a "claim of entitlement to a grievance procedure," *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order), "[t]he right of meaningful access to the courts extends to established prison grievance procedures," *Bradley v. Hall,* 64 F.3d 1276, 1279 (9th Cir.1995). The Supreme Court has concluded that an inability to file a claim can establish a violation of the right of access to the courts. *See Lewis v. Casey,* 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). This court has held that disciplinary rules that discourage a prisoner from filing a grievance violate the right of access to the courts. *See Bradley,* 64 F.3d at 1279. We conclude, therefore, that

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Knight's allegations that Nimrod refused to file a grievance against a correctional officer and thereafter refused to file an appeal from that decision state a claim for denial of Knight's right of access to the courts. *See id.*

Accordingly, we reverse the district court's dismissal of these claims against Nimrod and remand for further proceedings.

REVERSED and REMANDED.