**Rodney J. SATTLER, Plaintiff–Appellant,**

v.

**Kim FOSTER, Corrections Officer; et al., Defendants–Appellees.**

No. 01–35733.
D.C. No. CV–00–00004–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided June 13, 2002.

Before O'SCANNLAIN, BERZON, and RAWLINSON, Circuit Judges.

## MEMORANDUM**

Rodney Sattler, a Montana state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging prison officials violated his civil rights when they punished him for indecent exposure and withheld nasal decongestant. We have jurisdiction under 28 U.S.C. § 1291. Dismissals under 28 U.S.C. § 1915(e) for failure to state a claim are reviewed de novo. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). We affirm in part and reverse and remand in part.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Sattler contends his privacy was violated when a female prison guard brought his breakfast while he was naked, and that he was improperly disciplined for indecent exposure.

Occasional viewing of male prisoners by female correctional officers does not violate the Fourth Amendment right to privacy or the Eighth Amendment prohibition against cruel and unusual punishment. *See Grummett v. Rushen,* 779 F.2d 491, 496 (9th Cir.1985); *see also Somers v. Thurman,* 109 F.3d 614, 622 (9th Cir.1997).

To the extent the rule against indecent exposure furthers the legitimate penological interest of "preserving institutional order and discipline," Sattler's First Amendment claim fails. *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam).

Sattler's claim that he was denied due process during prison disciplinary proceedings lacks merit, because he was given written notice and an opportunity to present his defense at a hearing. *See Wolff v. McDonnell,* 418 U.S. 539, 563–66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Further, Sattler cannot demonstrate a legitimate claim of entitlement to a particular prison grievance procedure. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988).

Sattler's claim that he did not receive adequate notice that prison regulations prohibited being naked in his cell, however, may have merit. Due process requires fair notice of prohibited conduct before a sanction can be imposed. *See United States v. Kozminski,* 487 U.S. 931, 949–50, 108 S.Ct. 2751, 101 L.Ed.2d 788 (1988). Although "indecent exposure" was proscribed in the prison's regulation on sexual misconduct, it is not clear that this prohibition would include Sattler's nudity within the confines of his own cell. *See United States v. Christopher,* 700 F.2d 1253, 1258 (9th Cir.1983) (holding that a regulation

must "sufficiently convey the proscribed conduct when measured by common understanding and practices" to avoid unconstitutional vagueness.). To the extent Sattler has alleged a due process violation based on a lack of fair warning, we remand for further consideration.

Finally, Sattler's allegation that prison officials have not provided him with nasal decongestant does not show "deliberate indifference to serious medical needs" constituting "unnecessary and wanton infliction of pain," necessary to support a section 1983 claim. *See Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir.1992) (quotations and citations omitted).

Each party shall bear its own costs on appeal.

**AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.**