**Jason L. MIDKIFF, Plaintiff— Appellant,**

v.

**Dave COOK; et al., Defendants— Appellees.**

No. 01–35453.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 16, 2002.

Before: SCHROEDER, Chief Judge, TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Jason Lee Midkiff, an Oregon state prisoner, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action challenging various prison mail regulations. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir.1999), and we affirm.

Midkiff claimed that prison officials violated his First Amendment rights by (1) restricting his ability to receive certain issues of adult magazines in prison; (2) rejecting a package addressed to him because it did not come directly from a verifiable publisher; and (3) prohibiting his receipt of mail containing glued on attachments. The district court properly granted summary judgment on these claims because Midkiff failed to put forth sufficient evidence to refute the common sense connection between the prison's objectives and the challenged regulations. *See Turner v. Safley*, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Frost*, 197 F.3d at 357; *Mauro v. Arpaio*, 188 F.3d 1054, 1059–60 (9th Cir.1999). Similarly, summary judgment on Midkiff's Fourteenth Amendment due process claim was proper because Midkiff failed to raise a genuine issue of material fact about whether defendants violated his clearly es-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

tablished rights by failing to provide administrative review for mail rejected on structural grounds. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) (holding that there is no legitimate claim of entitlement to a particular grievance procedure).

Finally, the district court did not abuse its discretion by denying Midkiff's motion for appointment of counsel because Midkiff failed to demonstrate exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). We construe Rapanan's June 21, 2002 letter as a motion for an extension of time to request oral argument, and deny the motion as moot.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.