**Willie Fred BRADY, Plaintiff—Appellant,**

v.

**D.G. ADAMS; et al., Defendants—Appellees.**

No. 01–16344.

D.C. No. CV–00–06810–AWI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN, and TASHIMA, Circuit Judges.

MEMORANDUM **

Willie Fred Brady, a California state prisoner, appeals pro se the judgment of the district court dismissing sua sponte his 42 U.S.C. § 1983 action for failure to state a claim pursuant to the Prison Litigation Reform Act screening provisions. *See* 28 U.S.C. § 1915A; 42 U.S.C.1997e(c)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and review de novo, *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm in part, vacate in part, and remand.

The district court properly determined that Brady did not state a claim against the various prison officials involved in handling Brady's grievances against correction officer Ohelert. *See Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir.1989); *see also Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) (holding no constitutional right to grievance process). The district court also properly determined that the complaint did not state a claim for violation of the right of access to the courts against correction officers Punla and Munro because Brady did not allege that he suffered any actual injury as a result of the alleged failure of Punla and Munro to log Brady's legal mail. *See Lewis v. Casey,* 518 U.S. 343, 358, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

It is not clear, however, that Brady would be unable to amend his complaint to state an actionable claim against policy-making officials. *See, e.g., Gomez v. Vernon,* 255 F.3d 1118, 1127 (9th Cir.), *cert. denied sub nom Beauclair v. Gomez,* —— U.S. ——, 122 S.Ct. 667, 151 L.Ed.2d 581 (2001) (holding that a prison official's failure to take remedial action after violations were committed by his subordinates is actionable under section 1983 as a policy or practice claim). Therefore, the district court should have granted Brady leave to amend the complaint. *See Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (holding that leave to amend should be granted even when no request for amendment was made).

Accordingly, we vacate and remand for the district court to grant Brady the opportunity to amend his complaint.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.