**Eddie YOUNG, Plaintiff—Appellant,**

v.

**D. MCCARGAR; et al., Defendants—Appellees.**

No. 02–16814.

D.C. No. CV–00–02393–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

cation and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

### MEMORANDUM**

California state prisoner Eddie Young appeals pro se the district court's judgment dismissing Young's 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915A for failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000). We affirm.

■ The district court properly dismissed Young's claims of denial of access to the courts, because he failed to show the denial of library photocopying services hindered his ability to pursue a legal claim, so as to constitute actual injury. *See Madrid v. Gomez*, 190 F.3d 990, 996 (9th Cir.1999).

■ The district court properly dismissed Young's equal protection claim because Young did not allege that any adverse actions taken against him were on the basis of his membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194–95 (9th Cir.1998)(order).

■ The district court properly dismissed Young's Eighth Amendment claim, because he did not allege prison officials acted with a sufficiently culpable state of mind. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.2000).

■ Young's claim that the handling of his prison grievance violated due process fails because he has "no legitimate claim of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

entitlement to a [prison] grievance procedure," *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988), much less a timely one.

 Young's claim of retaliation fails because his second amended complaint did not contain sufficient allegations that retaliation was a substantial or motivating factor on the part of prison librarians. *See Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Dunkle's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.