Muwakkil AL–HIZBULLAHI, Plaintiff—Appellant,

v.

M.J. NIMROD; R. Kun, Defendants—Appellees.

No. 03–17340.

D.C. No. CV–03–00543–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Muwakkil Al Hizbullahi, Pelican Bay State Prison, Crescent City, CA, pro se.

Jennifer G. Perkell, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Muwakkil Al–Hizbullahi, a/k/a Timmy Ray Tyson, a California state prisoner, appeals pro se the district court's judgment dismissing his section 1983 action alleging that prison officials violated his constitutional right to send and receive mail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal. *Nelson v. Heiss,* 271 F.3d 891, 893 (9th Cir.2001) (dismissal pursuant to Fed.R.Civ.P. 12(b)(6)); *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000) (dismissal pursuant to 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Al–Hizbullahi's claims against Nimrod pursuant to 28 U.S.C. § 1915A because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order). In addition, Al–Hizbullahi failed to allege sufficient facts to indicate that any alleged

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

failure to process his grievances resulted in actual injury. *See Lewis v. Casey,* 518 U.S. 343, 353–55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The district court properly granted Kun's motion to dismiss the claims against her because Al–Hizbullahi's allegations that she deprived him of his constitutional rights were conclusory and based on unreasonable inferences. *See Cholla Ready Mix, Inc. v. Civish,* 382 F.3d 969, 973 (9th Cir.2004).

We do not reach Al–Hizbullahi's contentions regarding the prohibition against using his Muslim name because this claim was not part of his complaint in district court.

Al–Hizbullahi's remaining contentions are similarly unpersuasive.

All pending motions are denied.

**AFFIRMED.**