**NGUYEN TIEN MINH, Plaintiff–Appellant,**

v.

**G.J. GIURBINO, Warden, Warden; et al., Defendants–Appellees.**

No. 05–56029.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 21, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Nguyen Tien Minh, Imperial, CA, pro se.

Attorney General for the State of California, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

California state prisoner Nguyen Tien Minh appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim under the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

█ The district court properly concluded that Minh's allegations that defendants failed to process his grievances failed to state claims under the First or Fourteenth Amendments. *See Lewis v. Casey,* 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (First Amendment requires officials provide prisoners with "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts"); *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) (no due process right to a prison grievance procedure).

█ The district court also properly dismissed Minh's claim that his constitutional rights were violated when he was found guilty of a rules violation for failing to report to his work assignment. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the official knows of and disregards an excessive risk to inmate health or safety"); *Ramirez v. Galaza,* 334 F.3d 850, 861 (9th Cir.2003) (prisoners may challenge disciplinary actions that "impose some 'atypical and significant hardship ... in relation to the ordinary incidents of prison life.' ").

■ Finally, the district court properly dismissed Minh's claims that defendant Grosset violated his rights under the Eighth Amendment. Minh's allegations that Grosset charged him for chronos, delivered medication to the wrong address, and refused to accept his grievances fail to allege deliberate indifference to a serious medical need, *see Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and Minh failed to adequately allege that Grosset was responsible for the delay in treatment of his dental needs, *see Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

The remaining contentions lack merit.

All pending motions are denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.