**John WISE, Plaintiff–Appellant,**

v.

**WASHINGTON STATE DEPARTMENT OF CORRECTIONS; et al., Defendants–Appellees.**

**No. 06–35023.**

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 5, 2007.*

Filed June 14, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Wise, Clallam Bay, WA, pro se.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

John Wise, a Washington state prisoner, appeals pro se from the district court's order dismissing his 42 U.S.C.1983 action alleging that prison officials violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Diaz v. Gates,* 380 F.3d 480, 482 (9th Cir.2004), and we affirm.

■ The district court properly dismissed Wise's claims against Washington State Department of Corrections because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Leer v. Murphy,* 844 F.2d 628, 632–33 (9th Cir.1988) (section 1983 requires a claimant to prove

that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States).

■ The district court properly dismissed Wise's retaliation claim because his conclusory allegations, without supporting facts connecting the defendants to his litigation activities, fail to state a claim for retaliation. *See Rizzo v. Dawson,* 778 F.2d 527, 532 n. 4 (9th Cir.1985).

■ The district court properly dismissed Wise's claims regarding classification decisions and placement in administrative segregation because prisoners do not have a constitutionally recognized liberty interest in a particular security classification or in remaining in the general prison population. *See Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir.1995).

■ The district court properly dismissed Wise's claim that his continued confinement in segregation violates due process because he stated no facts indicating that the conditions of segregation or isolation constituted an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *See Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

■ The district court properly dismissed Wise's claim that defendants denied his grievances because an inmate has no due process rights regarding the proper handling of grievances. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The district court properly dismissed Wise's Eighth Amendment claim because Wise failed to adequately allege prison officials were deliberately indifferent to his serious medical needs, *see Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and the district court properly dismissed Wise's access to courts claim because he failed to adequately allege that defendants' conduct resulted in an actual injury. *See Lewis v. Casey,* 518 U.S. 343, 351–52, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Moreover, Wise was granted leave to amend his complaint to cure these deficiencies, and he declined to do so.

The district court properly dismissed without prejudice Wise's claim that his due process rights were violated by disciplinary proceedings that resulted in the loss of good time and earned time credits because Wise failed to show that the results of the disciplinary hearings were invalidated. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) (a claim for damages resulting from the revocation of good time credits is premature until the revocation of good time credits is invalidated).

Wise's contention that the district court judge abused his discretion and acted arbitrarily and unreasonably is not supported by the record and is unpersuasive.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.