Derek E. GRONQUIST, Plaintiff–Appellant,

v.

Brenda DESHAZER; Maggie Miller–Stout; James Key; Sheree Raska; Frederick Humble; Annette Hillman; Jim Kennedy Gretchen Jasmer; Rebecca Isherwood; James Dyson; Aileen Miller, Stan Galvin; Renate Archer; Joseph Lehman; Kaye Adkins; Michael Klemke; Douglas Carr; William Stockwell Joseph Kuhn Archie Grant; Jeffrey Ward; Michael Jackson Chuck Hardee; Sgt. Sonstag; Ccii Segar; c/o Palmer; Sgt. T. Bolinger; Sgt. Dunich; c/o Johnson; Sgt. Wickham; c/o Shaffer, Defendants–Appellees.

No. 06–35024.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed Sept. 12, 2008.

Derek E. Gronquist, Aberdeen, WA, pro se.

Derek L. Shaffer, Kathleen M. Sullivan, Stanford Law School Legal Clinics, Stanford, CA, for Plaintiff–Appellant.

Douglas Wayne Carr, Allison Margaret Stanhope, AGWA–Office of the Washington Attorney General, Olympia, WA, for Defendants–Appellees.

Before: SCHROEDER and LEAVY, Circuit Judges, and FAIRBANK *, District Judge.

## MEMORANDUM **

Derek Gronquist appeals from a judgment in favor of the defendant in his 42 U.S.C. § 1983 claim against prison officials. He alleged various claims, including retaliation for the exercise of his right of access to the courts under the First Amendment and violation of his Eighth Amendment rights against cruel and unusual punishment. His claims for retaliation for filing lawsuits were tried to a jury and resulted in a defense verdict. The remaining claims were dismissed by the court, which granted leave to amend the complaint. The plaintiff was represented by retained counsel at trial, and filed this appeal pro se.

We made this appeal a part of our pro bono program to provide assistance for unrepresented prisoners on appeal, and Gronquist received admirable representation from Stanford's Constitutional Law Center. In the last analysis, however, the record reflects that the district court carefully distinguished between the various claims that the plaintiff filed in his pro se complaint, permitted the cognizable claims to go to trial, and fairly allowed the plaintiff an opportunity to amend claims that failed to set forth facts on which relief could be granted. He did not amend.

Under the Supreme Court's decision in *Shaw v. Murphy*, 532 U.S. 223, 225, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001), a prisoner's rights to provide legal advice to other inmates is entitled to no greater protection than any other communication with fellow inmates. The major contention on appeal is that the district court allowed only the claim of retaliation for filing Gronquist's own suits to go to trial, and improperly dismissed a claim that he was retaliated against without justification for counseling other inmates. The pretrial order, entered into by the judge and counsel for both sides, reflects that the issues to be tried were broad enough to encompass all of the retaliation claims. It included as an issue of law whether the defendants "properly follow[ed] Department of Corrections regulations in connection with their infracting and punishing Derek Gronquist for claimed wrongful be-

* The Honorable Valerie Baker Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

havior," and as an issue of fact whether defendants "retaliated against Plaintiff as a result of Plaintiff's exercise of his constitutional rights." The record further reflects that the evidence and arguments presented at trial encompassed all of the retaliation claims.

Gronquist challenges the administration of the grievance procedure maintained at the prison, but, as Gronquist acknowledges, the prison is not required to maintain any grievance procedures. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). To the extent that he is contending that the grievance procedure was manipulated by prison officials to deny his grievances and frustrate his access to the court, he was permitted to proceed on claims related to the issue of exhaustion of administrative remedies but apparently did not pursue them at trial. To the extent that he is claiming that those who filed grievances were retaliated against, such a claim was within the scope of the matters tried unsuccessfully to the jury. He has not stated any remaining cognizable claims that the grievance system deprived him of federally protected rights.

Gronquist also argues that the confiscation of his legal materials violated his right of access to the courts, but he did not allege any specific instance in which the prosecution of his lawsuits was compromised. The district court correctly determined that Gronquist failed to show the "actual injury" required to state a claim. *See Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989).

The district court dismissed the Eighth Amendment claims because they failed to allege sufficient injury to warrant relief, and it granted an opportunity to amend the complaint, which was not done. The

dismissal was appropriate under applicable authority. *See Keenan v. Hall*, 83 F.3d 1083, 1090–91 (9th Cir.1996). The district court also correctly held that the complaint was not adequate to establish deliberate indifference to any serious medical needs, and no amendments were ever made to cure this defect either.

**AFFIRMED.**