**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAEK SANG YOON, | No. 07-55102 |
| Plaintiff - Appellant, | D.C. No. CV-05-01101-H |
| v. | |
| N. J. ARNETT, Teacher of ESL (B-Yard; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS and W. FLETCHER, Circuit Judges.

Taek Sang Yoon, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging discriminatory

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

harassment, retaliation and deliberate indifference to his safety. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim, *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005), and we affirm.

The district court properly dismissed Yoon's claims that he was harassed based on his racial or ethnic identity because Yoon has failed to allege facts raising an inference that defendants acted with a discriminatory purpose. *See Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) ("Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group.") (citations and internal quotation marks omitted).

The district court properly dismissed Yoon's Eighth Amendment claim because his allegations do not establish that defendants were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 835-39, 843 (1994) (explaining that a prison official is not liable for failing to protect one inmate from another unless the prisoner shows that he was housed under conditions that posed a

substantial risk of serious harm, and that the prison official acted with deliberate indifference to the prisoner's safety).

The district court properly dismissed Yoon's retaliation claims. Yoon alleged no facts to establish that his transfer from one prison yard to another, or his celling with particular individuals, were adverse actions, nor that his First Amendment activity motivated the two teachers who allegedly harassed him. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (holding that for a retaliation claim to be viable, a prisoner must allege, inter alia, that a state actor took adverse action against him because of his protected conduct).

The district court also properly dismissed any access to courts claim Yoon sought to allege because Yoon failed to identify any actual injury he suffered as a result of defendants' conduct. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996). Finally, the district court properly dismissed any due process claim Yoon sought to allege based on defendants' alleged failure to respond to, and interference with, Yoon's administrative grievances, because he has no due process right to the handling of grievances in any particular manner. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order).

Yoon's renewed motion for default judgment is denied; defendants were not served in this matter and therefore were not required to file an answering brief.

Yoon's request for appointment of counsel is denied.

Yoon's remaining contentions are unpersuasive.

**AFFIRMED.**