**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARREL LEE SMITH, | No. 07-16770 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-00703-MCE-KJM |
| v. | |
| J. SWANEY, Sergeant; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N. R. SMITH, Circuit Judges.

Darrel Lee Smith, a California prisoner, appeals pro se from the district

court's order dismissing, under 28 U.S.C. § 1915A, Smith's 42 U.S.C. § 1983

action alleging retaliation and due process violations in connection with a prison

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

07-16770

grievance procedure and a disciplinary proceeding. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record. *McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009). We affirm.

The district court did not err by dismissing Smith's complaint under 28 U.S.C. § 1915A. Prison grievance documents attached to the fifth amended complaint undermine Smith's retaliation claim by establishing that, at the time Swaney allegedly retaliated against Smith for filing a grievance, no grievance was on file. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) (document attached to complaint fatally undermined allegations). The district court properly dismissed Smith's claim that the defendant violated his due process rights by cancelling his grievance because a prisoner enjoys no constitutional right to a prison grievance procedure. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order) (no due process right to a prison grievance procedure). The district court properly dismissed Smith's claim that his constitutional rights were violated when he was denied the opportunity to cross-examine a witness at his prison disciplinary proceeding because the Due Process Clause afforded Smith no such right. *See Sandin v. Conner*, 515 U.S. 472, 475-76,

486 (1995) (prisoner enjoys no due process right to present witnesses at prison disciplinary proceeding where no atypical hardship resulted).

Smith's remaining contentions are unpersuasive.

**AFFIRMED.**

07-16770