**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WALTER HOWARD WHITE, | No. 09-15840 |
| Petitioner - Appellant, | D.C. No. 1:07-cv-00749-WQH-WMC |
| v. | |
| DERRAL G. ADAMS, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
William Q. Hayes, District Judge, Presiding

Submitted December 6, 2010 [**]

Before:     GOODWIN, RYMER, and GRABER, Circuit Judges.

California state prisoner Walter Howard White appeals pro se from the

district court's judgment dismissing his 28 U.S.C. § 2254 habeas petition.  We

have jurisdiction under 28 U.S.C. § 2253(c), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

White contends that the prison disciplinary officer deprived him of his due process right to call witnesses at his hearing. The record indicates that White did not request witnesses at his hearing, and White has failed to offer sufficient evidence to the contrary. In addition, White has failed to show actual prejudice. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) ("habeas petitioners may obtain plenary review of their constitutional claims, but they are not entitled to habeas relief based on trial error unless they can establish that it resulted in 'actual prejudice'"). Accordingly, the state court's rejection of this contention was not contrary to, or an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1).

White also contends that prison officials deprived him of his due process right to administratively appeal the disciplinary officer's decision. The state court's rejection of this contention was not contrary to, or an unreasonable application of, clearly established Supreme Court law. *See* 28 U.S.C. § 2254(d)(1); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-572 (1974) (identifying the procedures required in prison disciplinary proceedings); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure"); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003)

09-15840

("inmates lack a separate constitutional entitlement to a specific prison grievance procedure").

We construe appellant's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

White's request for the appointment of counsel is denied.

**AFFIRMED.**

09-15840