**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERIC LAMONT GONZALEZ,

   Plaintiff - Appellant,

 v.

P. MULLEN, Appeals Coordinator; et al.,

   Defendants - Appellees.

No. 10-16311

D.C. No. 4:09-cv-00953-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted July 12, 2011[**]

Before:  SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

 California state prisoner Eric Lamont Gonzalez appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging numerous

constitutional violations against prison officials.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A for

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir. 1995) (per curiam). We affirm in part, vacate in part, and remand.

The district court properly dismissed Gonzalez's Eighth Amendment claim concerning the prison's policy of shutting off an inmate's toilet for an hour upon overuse because Gonzalez failed to allege facts suggesting that he suffered a sufficiently serious deprivation. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (to state an Eighth Amendment claim a prisoner must show the denial of "the minimal civilized measure of life's necessities" (citation and internal quotation marks omitted)).

Dismissal of Gonzalez's First Amendment claims was proper because, to the extent that Gonzalez alleged cognizable First Amendment interests, the contested prison policies are rationally related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

The district court properly dismissed Gonzalez's equal protection claims concerning television channels and films because Gonzalez failed to allege facts demonstrating a discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 238-40 (1976).

The district court properly dismissed Gonzalez's due process claim concerning the alleged improper processing of his grievance because Gonzalez has no due process right to the handling of grievances in any particular manner. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order).

However, dismissal of Gonzalez's Eighth Amendment claim concerning shower shoes was improper at this early stage because Gonzalez's allegations that his inability to obtain shower shoes put him at risk of exposure to serious bacteria were not frivolous. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (indigent inmates have the right to personal hygiene supplies).

Dismissal of Gonzalez's equal protection claim concerning differential treatment of male and female inmates was also improper at this early stage because Gonzalez alleged facts suggesting that prison officials discriminated against him based on his gender without penological justification. *See Washington*, 426 U.S. at 238-40.

Gonzalez's remaining contentions are unpersuasive.

Gonzalez shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**