**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRAIHAT FAOUR ABDALLAH, | No. 08-56211 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-01452-JM-BLM |
| v. | |
| COHEN, Unit Manager at CCA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Fraihat Faour Abdallah, a former immigration detainee, appeals pro se from

the district court's summary judgment in his *Bivens* action alleging that corrections

officials violated his constitutional rights by delaying his legal mail, mishandling

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his grievances, and retaliating against him for filing grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly granted summary judgment on appellant's due process claim because "[t]here is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order).

The district court properly granted summary judgment on appellant's equal protection claim because appellant failed to raise a genuine dispute of material fact as to whether defendants discriminated against him. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (the Equal Protection Clause requires that all similarly situated persons be treated alike).

Summary judgment was proper on appellant's access to courts claim because appellant failed to raise a genuine dispute of material fact as to whether defendants personally participated in the alleged violation, or whether there was a sufficient causal connection between defendants' conduct and appellant's injury. *See Starr v. Baca*, 652 F.3d 1202, 1206-08 (9th Cir. 2011) (explaining that "a *Bivens* action is the federal analog to an action against state or local officials under [42 U.S.C.] § 1983" and discussing the requirements for establishing supervisory liability);

*Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.").

Summary judgment was proper on appellant's retaliation claim because appellant failed to raise genuine dispute of material fact as to whether defendant Clover's conduct had a chilling effect or caused "more than minimal" harm. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 & n.11 (9th Cir. 2005) (elements of a retaliation claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including the denial of appellant's motion for appointment of counsel, nor arguments and allegations raised for the first time on appeal, including appellant's challenge to the district court's award of costs to defendants and its dismissal of defendant Cerone. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellant's contentions concerning the district court's failure to consider new allegations, its alleged denial of fair proceedings and a jury trial, and defendants' allegedly perjured affidavits are unpersuasive.

Appellant's requests for appointment of counsel and injunctive relief are denied.

**AFFIRMED.**

08-56211