**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON BLACHER, | No. 12-17419 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-01993-SKO |
| v. | |
| R. DIAZ, Chief Deputy Warden at CSP-Corcoran, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted September 24, 2013[***]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

California state prisoner Marlon Blacher appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging that defendant R.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Blacher consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Diaz violated his constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Blacher's claim challenging the prison's grievance procedures because "[t]here is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Sandin v. Conner*, 515 U.S. 472, 483-88 (1995) (prison regulations do not provide a state-created liberty interest unless they impose an "atypical, significant deprivation" in relation to the ordinary incidents of prison life).

Dismissal of Blacher's access-to-courts claim was proper because Blacher failed to allege facts demonstrating defendant's personal involvement in the alleged denial of access to the prison law library or a causal connection between defendant's conduct and the alleged violations. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) ("A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the

constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" (citation omitted)).

The district court did not err when it dismissed without prejudice for improper venue Blacher's claims added in his amended complaint. Venue was not proper in the Eastern District of California because the events giving rise to those claims occurred in the Central District of California. *See* 28 U.S.C. § 1391(b) (listing grounds for venue and explaining that a civil action should be brought in judicial district in which a substantial part of the events giving rise to the claim occurred).

**AFFIRMED.**