**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DION ANDERSON, | No. 14-17451 |
| Plaintiff - Appellant, | D.C. No. 1:14-cv-00202-LJO-MJS |
| v. | |
| THE CITY, The California Department of Corrections and Rehabilitations; THE COUNTY OF KINGS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted November 18, 2015[**]

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

California state prisoner Dion Anderson appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 claim alleging constitutional

violations stemming from purportedly false charges of battery on a correctional

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

officer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Anderson's claims against defendants Gibson, Cavazos and Lozano because Anderson failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requirements for facial plausibility); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (requirements for establishing supervisory liability); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order) (explaining that there is "no legitimate claim of entitlement to a prison grievance procedure").

The district court properly dismissed Anderson's claims against defendant King County because Anderson failed to allege facts sufficient to establish municipal liability. *See Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014) (discussing factual allegations sufficient to establish municipal liability based on a policy of inaction).

**AFFIRMED.**

14-17451