NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL ANTHONY HOLLEY, | No. 16-16012 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01077-VC |
| v. | |
| E. EVANS, Captain; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Submitted April 11, 2017[**]

Before:    GOULD, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Joel Anthony Holley appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety and due process violations. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2004). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Holley's deliberate indifference claim because Holley failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded an excessive risk to Holley's safety. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (the prison official must both be aware there are facts to support a serious threat to an inmate's safety and infer there is an actual threat).

To the extent that success on Holley's due process claims stemming from his disciplinary hearing would necessarily imply the invalidity of his disciplinary proceeding, Holley's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Holley failed to allege facts demonstrating that his disciplinary sentence has been invalidated. *See Edwards v. Balisok,* 520 U.S. 641, 646-48 (1997) (extending *Heck* to prison disciplinary proceedings where good time credits have been forfeited). To the extent that success on Holley's due process claims would not necessarily imply the invalidity of his disciplinary conviction, the district court properly granted summary judgment because Holley failed to raise a genuine dispute of material fact as to whether he was deprived of a cognizable liberty interest. *See Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (due process procedural protections "adhere only when the disciplinary action

16-16012

implicates a protected liberty interest"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

The district court did not abuse its discretion by denying Holley's request to continue summary judgment for further discovery or his motion to compel additional discovery because Holley failed to show how additional discovery was necessary to preclude summary judgment. *See Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 (9th Cir. 2009) (denial of continuance to conduct further discovery is appropriate when the district court considers the merits of the motion and concludes there is no point in pursuing the requested discovery); *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006) (requirements for obtaining additional discovery under former Fed. R. Civ. P. 56(f)).

**AFFIRMED.**

16-16012