**Joseph Gideon HANCOCK,
Plaintiff—Appellant,**

v.

**Silvia GARCIA; et al., Defendants—
Appellees.**

No. 05–56782.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008.*

Filed March 24, 2008.

Joseph Gideon Hancock, Soledad, CA, pro se.

Atty. Gen. CAS, AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

California state prisoner Joseph Gideon Hancock appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials were deliberately indifferent to his medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e), *Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir.1998) (order), and pursuant to 28 U.S.C. § 1915A, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court did not err in dismissing Hancock's Eighth Amendment claim because Hancock's amended complaint did not allege more than a difference of opinion between the physician and the prisoner concerning the appropriate course of treatment. *See Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996) (holding that a difference in opinion over proper medical treatment does not establish deliberate indifference).

The district court did not err in dismissing Hancock's due process claim regarding the administrative grievance procedure because Hancock's amended complaint did not allege facts sufficient to show a constitutionally protected liberty or property interest was at stake. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) (holding that prisoners do not have a protected property interest in an inmate grievance procedure).

The district court did not abuse its discretion in dismissing Hancock's amended complaint without leave to amend after first advising Hancock of the deficiencies of his original complaint and providing him an opportunity to amend. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (holding that a district court must provide the litigant with notice of the deficiencies in his complaint prior to dismissal).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.