**Ronald WILLIAMS, Plaintiff–Appellant,**

v.

**Dave ALLEN, Administration Deputy Warden; et al., Defendants–Appellees.**

**No. 08–15395.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 28, 2009.

Ronald Williams, Florence, AZ, pro se.

Kelley J. Morrissey, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Ronald Williams, an Arizona State Prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his medical needs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Sanchez v. Vild,* 891 F.2d 240, 241–42 (9th Cir.1989). We affirm.

The district court properly granted summary judgment on the claims against defendant Rubi because his denial of Williams's grievance does not in and of itself rise to the level of a constitutional violation. *See Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure.").

The district court properly granted summary judgment on the claims against defendants Hudson, Lewis, and McKinnon because the one week delay in treating Williams's bronchitis did not raise a triable issue as to whether they were deliberately indifferent to a serious medical need. *See Hallett v. Morgan,* 296 F.3d 732, 746 (9th Cir.2002) (holding that where the prisoner is alleging that delay of medical treatment evinces deliberate indifference the prisoner must show that the delay led to further injury).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Appellees' motion to withdraw its Emergency Motion to Stay Appellate Proceedings is granted.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.