**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LERAJJAREAN RA-O-KEL-LY,

        Plaintiff - Appellant,

  v.

MICHAEL JOHNSON; et al.,

        Defendants - Appellees.

No. 09-35712

D.C. No. 1:09-cv-00142-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Lerajjarean Ra-o-kel-ly, a Nevada state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action challenging his

conditions of confinement and prison regulations. We have jurisdiction under 28

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1915(e). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Contrary to Appellant's contentions, his equal protection claims concerning property restrictions in administrative segregation and protective custody were properly dismissed because he failed to allege facts showing that he was a member of a protected class, or that similarly-situated inmates outside that class were treated less severely. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005).

Appellant's claim that the property restrictions violated his due process rights was properly dismissed because he failed to allege facts implicating a constitutionally-protected liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (protected liberty interest arises only when a restraint exceeds an inmate's sentence in "an unexpected manner" or imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The district court properly dismissed the claim challenging the prison's grievance policies because "[t]here is no legitimate claim of entitlement to a

grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order); *see also Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (the Prison Litigation Reform Act "does not require exhaustion when *no* pertinent relief can be obtained through the internal process").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Appellant's remaining contentions are unpersuasive.

**AFFIRMED.**