FILED

OCT 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY EUGENE SAFFOLD, | No. 12-15793 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02262-DLB |
| v. | |
| T. REYNOLDS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted October 15, 2013[***]

Before:      FISHER, GOULD, and BYBEE, Circuit Judges.

California state prisoner Tony Eugene Saffold appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants violated his First and Eighth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii), *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and a dismissal for failure to exhaust, *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010). We affirm.

The district court properly dismissed Saffold's failure-to-protect claim because Saffold failed to exhaust administrative remedies in a proper manner. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp*, 623 F.3d at 825 ("[A]n inmate must first present a complaint at the first level of the administrative process."). The district court did not clearly err in finding that Saffold failed to give prison officials notice of his failure-to-protect claim. *See Sapp*, 623 F.3d at 821 (reviewing underlying factual findings for clear err); *Griffin v. Arpaio*, 557 F.3d 1117, 1120-21 (9th Cir. 2009) (grievance must give notice of claim).

The district court properly dismissed Saffold's claim challenging the prison's grievance procedures because "[t]here is no legitimate claim of entitlement to a grievance procedure." *Mann v. Adams*, 855 F.2d 639, 640 (9th

Cir. 1988).

The district court properly dismissed Saffold's retaliation claim because Saffold failed to allege facts showing that defendants acted with retaliatory intent, that their actions did not advance a legitimate correctional purpose, and that their actions chilled his First Amendment rights. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a § 1983 retaliation claim in the prison context).

The district court properly dismissed Saffold's deliberate indifference claim because Saffold failed to allege facts showing that defendants knew of and consciously disregarded a serious risk of harm to his health. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting forth objective and subjective prongs of deliberate indifference claim).

**AFFIRMED.**

12-15793