FILED

NOT FOR PUBLICATION

SEP 08 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EMMANUEL T. BULL, AKA Emmanuel Tyrone Bull, <br><br>        Plaintiff - Appellant, <br><br> v. <br><br> J. M. BROWN, C.O.; RIVERA, Deputy, <br><br>        Defendants - Appellees. | No. 13-15711 <br><br> D.C. No. 1:05-cv-01255-LJO-GSA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted August 25, 2015[**]

Before:     McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Emmanuel T. Bull, a.k.a. Emmanuel Tyrone Bull,

appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983

action alleging various constitutional violations. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Sapp v. Kimbrell*, 623 F.3d 813, 821 (9th Cir. 2010) (dismissal for failure to exhaust administrative remedies); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal for failure to state a claim under 28 U.S.C. § 1915A). We affirm.

The district court properly concluded that Bull failed to exhaust his Eighth Amendment excessive force claim and failed to establish that administrative remedies were effectively unavailable to him. *See Sapp*, 623 F.3d at 821-24 (explaining that proper exhaustion requires compliance with the agency's deadlines and procedural rules concerning grievances, and describing limited circumstances where improper screening renders administrative remedies unavailable).

The district court properly dismissed Bull's due process claim regarding the April 2003 disciplinary hearing because Bull failed to allege facts sufficient to show that the results of the disciplinary hearing, including the denial of parole, have been invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (explaining that a claim relating to a prison disciplinary hearing "that necessarily impl[ies] the invalidity of the punishment imposed, is not cognizable under § 1983"). We construe the dismissal of this claim to be without prejudice to Bull filing a new action should the results of the disciplinary hearing be invalidated. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

The district court properly dismissed Bull's due process claim relating to the processing of his administrative appeal because Bull has no liberty interest in the processing of his appeals. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

We do not consider Bull's remaining claims because Bull failed to "present a specific, cogent argument for our consideration." *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

Bull's request for entry of default, filed on February 3, 2014, is denied.

**AFFIRMED.**