**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD YORK EVANS,

Plaintiff,

And

JOHN WITHEROW,

Plaintiff - Appellant,

v.

HOWARD SKOLNIK; DON HELLING;
WILLIAM DONAT; BRIAN HENLEY;
LEA BAKER; I. CONNALLY; INMATE
CALLING SOLUTIONS; EMBARQ;
GLOBAL TEL LINK,

Defendants - Appellees.

No. 13-17361

D.C. No. 3:08-cv-00353-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: WARDLAW, W. FLETCHER, and MURGUIA, Circuit Judges.

Plaintiff John Witherow appeals the dismissal of his claims under Federal Rule of Civil Procedure 12(b)(6), the district court's grant of summary judgment in favor of the defendants, the district court's decision to exclude certain testimony at trial, and the district court's jury instructions. We affirm on most grounds, but reverse the district court's grant of summary judgment on Witherow's Fourth Amendment and supervisory claims and remand for further proceedings.

1. The district court did not err in dismissing Witherow's claims against the three private telecommunications companies. The three companies were not state actors, and thus Witherow did not state a cognizable § 1983 claim against them. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092–96 (9th Cir. 2003). He also did not state a Wiretap Act claim against the three companies because he did not allege intentional interception or that the companies were operating outside the ordinary course of their businesses. *See* 18 U.S.C. §§ 2510(5)(a), 2511(1)(a), 2520.

2. The district court did not abuse its discretion in denying Witherow leave to amend his complaint against the three private telecommunications companies. A district court does not abuse its discretion in denying leaving to amend when "amendment would be futile." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Because the three companies were not

-2-

state actors, Witherow could not state a § 1983 claim against them. Additionally, Witherow's proffered third amended complaint did not cure the deficiencies of his second amended complaint, showing that amendment of his Wiretap Act claim would also have been futile.

3. The district court did not err in concluding that the Nevada Department of Corrections' ("NDOC") practice of initially screening and occasionally checking in on inmates' attorney-client phone conversations fell within the law enforcement exception to the Wiretap Act. The state laws and regulations cited by Witherow do not clearly prohibit the NDOC's practice in Unit 13, and the Institutional Procedure and Post Order provided by the government authorize it. Thus, the correctional officers were acting "in the ordinary course of [their] duties" when they screened Witherow's attorney-client calls. 18 U.S.C. § 2510(5)(a).

4. The district court did not err in dismissing Witherow's Fourteenth Amendment claims. Witherow has failed to provide sufficient evidence that he has a substantive due process right to private attorney-client calls separate from his Fourth Amendment claim. Additionally, the district court properly rejected Witherow's procedural due process claim under *Sandin v. Conner*, 515 U.S. 472 (1995).

-3-

5. Any error in the district court's decision to exclude certain aspects of Evans' testimony at Witherow's trial was harmless. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). Witherow was able to provide the testimony of two other witnesses — his own and that of Evans' legal secretary — on the same issues about which Evans would have testified.

6. The district court's jury instructions were not in error. As explained above, the district court did not err in its interpretation of the Wiretap Act and the application of the law enforcement exception.

7. The district court erred in concluding that Witherow's Fourth Amendment rights were not implicated by the NDOC's practice of screening and monitoring inmates' attorney-client calls. Contrary to the district court's conclusion, the fact that Witherow was subjectively "aware" that the NDOC was screening his calls does not defeat his Fourth Amendment claim. This is a case in which the "normative inquiry" — not the subjective expectation of privacy — governs the extent of the Fourth Amendment's protection. *See Smith v. Maryland*, 442 U.S. 735, 740 n.5 (1979); *United States v. Scott*, 450 F.3d 863, 867 (9th Cir. 2005) (citation omitted). Nevada cannot defeat an inmate's constitutional right to confidential attorney-client communications simply by informing him that his communications will no longer be confidential. *See Scott*, 450 F.3d at 867

("[W]here an individual's subjective expectations had been conditioned by influences alien to well-recognized Fourth Amendment freedoms, those subjective expectations obviously could play no meaningful role in ascertaining what the scope of Fourth Amendment protection was.") (quoting *Smith*, 442 U.S. at 740 n.5).

Because this is a prisoners' rights case, the fact that the NDOC's practice implicated the Fourth Amendment does not mean that Witherow's constitutional rights were necessarily violated. *See Hrdlicka v. Reniff*, 631 F.3d 1044, 1048 (9th Cir. 2011) (outlining the "two-step analysis" for prisoner constitutional claims). Rather, Witherow's Fourth Amendment rights were violated only if the NDOC's practice of initially screening and occasionally "checking in" on his legal calls was not "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Hrdlicka*, 631 F.3d at 1049. We remand for the district court to address this question in the first instance, giving particular attention to whether there are "alternative prison policies that could satisfy [the NDOC's] objective[s]" in screening the calls. *See Demery v. Arpaio*, 378 F.3d 1020, 1028 n.2 (9th Cir. 2004).

8.     The district court may have erred in dismissing Witherow's claim alleging that certain higher-level NDOC officials were liable for "their conduct in

-5-

the grievance process." An allegation that a prison official inappropriately denied or failed to adequately respond to a grievance, without more, does not state a claim under § 1983. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Although the denial of Witherow's grievance was not itself a constitutional violation, the grievance may have put the supervisory officials on notice that officers were violating the Fourth Amendment. On remand, if the district court determines that officers violated Witherow's Fourth Amendment rights, the court should also consider whether the supervisory officials are liable for their failure to intervene. *See Maxwell v. County of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013).

**AFFIRMED in part, REVERSED in part, and REMANDED.**

Each side is to bear its own costs.