**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONALD YORK EVANS,

Plaintiff,

and

JOHN WITHEROW,

Plaintiff-Appellant,

v.

LEA BAKER and I. CONNALLY,

Defendants-Appellees.

No. 16-15502

D.C. No. 3:08-cv-00353-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Argued and Submitted January 11, 2017
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CLIFTON and M. SMITH, Circuit Judges, and ERICKSON,[**] District Judge.

John Witherow, a former inmate at the Nevada Department of Corrections ("NDOC"), appeals the grant of summary judgment to NDOC on his Fourth Amendment claim. The threshold issue on remand before the district judge was whether NDOC's practice of initially screening and occasionally "checking in" on Witherow's legal calls was reasonably related to legitimate penological interests, including whether there were alternative prison policies that could satisfy NDOC's objectives in screening telephone calls. *Evans v. Skolnik*, 637 Fed.App'x. 285, 288 (9th Cir. 2015).

A district court's grant of a motion for summary judgment is reviewed *de novo*. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). Generally, before granting summary judgment, Federal Rule of Civil Procedure 56(f) requires a court to give the parties notice and a reasonable time to respond. Further, before entering summary judgment *sua sponte*, Rule 56(f)(3) requires the court to "identify[] for the parties material facts that may not be genuinely in dispute." However, in this case the district court did not provide the parties with notice and a

---

[**] The Honorable Ralph R. Erickson, United States District Judge for the District of North Dakota, sitting by designation.

reasonable time to respond, nor did it identify the facts it relied on in reaching its decision or set forth a full analysis of the existing record.

Under these circumstances, we reverse the district court's grant of summary judgment and remand for further proceedings for compliance with Rule 56(f).

**REVERSED and REMANDED.**