NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 02 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AARON K. DANIELS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>MAR; et al.,<br><br>    Defendants-Appellees. | No.  15-15359<br><br>D.C. No. 3:14-cv-00499-RCJ-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted October 25, 2016[**]

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

 Aaron K. Daniels, a Nevada state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo,

*Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (dismissal under 28 U.S.C.

---

 [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1915A); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order) (dismissal under § 1915(e)(2)(B)(ii)).  We affirm in part, reverse in part, vacate in part, and remand.

The district court properly dismissed Daniels's Fourteenth Amendment due process claim because Daniels had an adequate post-deprivation remedy under Nevada law, and an inmate has no due process rights regarding the handling of grievances.  *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order) ("There is no legitimate claim of entitlement to a grievance procedure.").

However, dismissal of Daniels's deliberate indifference claim against Dr. Mar was improper.  Daniels alleged in his amended complaint that Dr. Mar refused to approve orthopedic shoes previously approved by another doctor, even though Daniels needed the shoes as a result of surgery and suffered overwhelming pain without them.  These allegations are sufficient to state a claim of deliberate indifference against Dr. Mar.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official is deliberately indifferent if he or she knows of and

disregards an excessive risk to an inmate's health). Accordingly, if Daniels includes this claim in his amended complaint on remand, these allegations are sufficient to state a claim.

Dismissal of Daniels's deliberate indifference claim against defendants Jones, Garner, and Bannister was proper because Daniels failed to allege facts sufficient to show that these defendants personally participated in the alleged violations at issue. *See Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014) (outlining requirement of personal participation in the alleged constitutional deprivation). Similarly, dismissal of Daniels's deliberate indifference claim against John Doe medical provider was proper because Daniels failed to allege facts sufficient to show deliberate indifference. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)). However, dismissal of these claims without leave to amend was premature because it is not absolutely clear that the deficiencies in Daniels's complaint could not possibly be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review, and explaining that "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines

that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Accordingly, we vacate the judgment in part and remand to allow Daniels an opportunity to file an amended complaint as to defendants Jones, Garner, Bannister, and John Doe.

Because the district court denied Daniels's motion to proceed in forma pauperis after concluding that Daniels's complaint failed to state any claims, we vacate the denial of leave to proceed in forma pauperis and remand for the district court to reconsider the denial in light of our conclusion that the complaint states a claim for relief. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (standard of review).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, VACATED in part, and REMANDED.**