NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELBERT RONDEL GARDNER, | No. 18-17110 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01921-JAM-AC |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Delbert Rondel Gardner, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to state

a claim.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

*Belanus v. Clark*, 796 F.3d 1021, 1024 (9th Cir. 2015) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)). We affirm.

The district court properly dismissed Gardner's claims alleging interference with his administrative appeals and legal mail because Gardner failed to allege facts sufficient to show a sufficient link between defendants' actions and the alleged constitutional deprivation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Brazil v. U. S. Dept. of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (although pro se pleadings are construed liberally, those pleadings must nonetheless meet some minimum threshold in providing a defendant with notice of what he allegedly did wrong).

The district court properly dismissed Gardner's due process claim relating to the way in which his grievances were processed because Gardner failed to allege facts sufficient to state a claim. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Gardner's motion to proceed in forma pauperis (Docket Entry No. 3) is denied as unnecessary because his in forma pauperis status continues in this court. All other pending motions are denied.

**AFFIRMED.**